## STATE, AARON D. BRITTON, PROSECUTOR, v. CHARLES H. McDONALD.

1. Parol testimony as to time of sale of personal property admissible, although there be a written receipt.

2. Jurisdiction, as affected by title to land coming in question.
3. Where, upon the evidence, there is doubt as to a fact, and the finding of the Court of Common Pleas as to that, is not certified, the Supreme Court, upon *certiorari*, will infer such conclusion as to fact, as will support the judgment of the Common Pleas, rather than the opposite.
4. If a party would escape such inference he should require the court to certify their finding.

On *certiorari* to Middlesex Pleas.

Argued at June Term, 1881, before Justices DIXON and PARKER.

For the prosecutor, *Alan H. Strong.*

For the defendant, *Robert Adrain.*

The opinion of the court was delivered by

PARKER, J. Aaron D. Britton, the defendant in the court for the trial of small causes, was collector of taxes in the township of South Brunswick.

In order to raise the amount of tax assessed upon certain lands in said township for the year 1878, in the name of M. S. Mercelis, Britton, in November, 1879, sold corn standing in shocks.

In the year last named, the premises were cultivated by McDonald, the plaintiff below.

At the sale of the corn, more than enough money to pay tax of 1878, was realized.

Britton applied the surplus to pay the taxes of 1879, which had been assessed. He did this at request of Jemima Mercelis, who had purchased the land on which the corn was growing, by deed from M. S. Mercelis, dated June 17th, 1879.

McDonald sued Britton for the surplus, and claimed that he had bought the right of M. S. Mercelis in the corn, between the 1st and 10th days of June, 1879. A receipt for the money which McDonald paid, dated August 1st, 1879,

was produced and admitted in evidence before the Common Pleas, whereupon a motion was made to overrule all parol testimony that had been offered, tending to show that the sale of M. S. Mercelis' interest in the corn had been made before the date of the receipt. The motion was properly denied by the court. The receipt was not conclusive evidence of the time of sale. The parol testimony on that subject was legal and admissible.

After Britton had offered in evidence the deed from M. S. Mercelis to Jemima Mercelis, dated June 17th, 1879, he moved to dismiss the action for want of jurisdiction in the court, on the ground that the title to land came in question.

Whether the deed was admissible, depended on whether M. S. Mercelis sold the corn to McDonald before June 17th, 1879, the date of the deed. If before that time, the deed was not relevant.

Upon the evidence, there is doubt when the corn was sold by M. S. Mercelis to McDonald, and the finding of the Court of Common Pleas as to that is not certified. Hence, this court will infer such permissible conclusion as to fact as will support the judgment, rather than the opposite.

The judgment was for the plaintiff below, but if the deed was admissible, the title to land came in question, and the judgment should have been to dismiss. Therefore, this court must infer that the Court of Common Pleas found that M. S. Mercelis sold the corn to McDonald before the 17th of June, 1879, and hence that the deed was not relevant evidence— not admissible for the purpose for which it was offered—and consequently the title to land not brought in question.

If Britton had desired to escape such inference of fact he should have required the Court of Common Pleas to certify their finding of fact upon that question.

The sale to raise the taxes of 1878 was made in November, 1879. The taxes for 1879, although assessed before that time, were not in default, and no warrant for them was in the collector's hands. There was no lien on the surplus money for

the taxes of 1879, and Britton had no right to appropriate it as he did.

The judgment of the Court of Common Pleas is affirmed, with costs.